UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LUMM,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                  Case No. 1:13-CV-461

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Clarification of Judgment and Award of Attorney Fees</u>. (Dkt. #22). The motion was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). The undersigned **recommends that Plaintiff's motion be granted in part and denied in part.**

## PROCEDURAL HISTORY

Plaintiff applied for benefits on December 29, 2005, alleging that she had been disabled since November 19, 1990, due to renal failure, diabetes, attention deficit disorder, and depression. (Tr.52-53, 99). Plaintiff's application was denied, after which she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 27-51). On June 12, 2008, Plaintiff appeared before ALJ James Prothro. (Tr. 625-69). In a written decision dated November 10, 2008, the ALJ determined that Plaintiff was not disabled. (Tr. 20-26). The Appeals Council declined to review the ALJ's determination. (Tr. 5-12). Plaintiff subsequently appealed the matter to this Court.

On October 1, 2010, the undersigned recommended that the Commissioner's decision be reversed and remanded for further factual findings, a recommendation which was subsequently adopted by the Honorable Janet T. Neff. *See Lumm v. Commissioner of Social Security*, Case No. 1:09-cv-756 (W.D. Mich.). Following a second administrative hearing, the ALJ again concluded that Plaintiff was not disabled. (Tr.1459-1500). The Appeals Council declined to review the ALJ's decision. (Tr. 670-73). On April 29, 2013, Plaintiff returned to this Court to again challenge the denial of her application for disability benefits. On September 23, 2014, the undersigned recommended that the Commissioner's decision denying Plaintiff's application for benefits be reversed and that the matter be remanded for an award of benefits. Judge Neff subsequently adopted this recommendation after which Plaintiff filed the present motion.

## ANALYSIS

In her motion, Plaintiff asserts three issues: (1) she seeks a determination of the onset date of her disability, (2) she asks for a concurrent action to be set aside, and (3) she seeks an award of attorney fees.

**I.      Disability Onset Date**

The Court did not previously establish an onset date for Plaintiff's disability. The parties do not agree as to the date on which Plaintiff's disability began. The burden of proof for the establishment of her disability onset date lies with Plaintiff. *See McClanahan v. Commissioner of Soc. Security*, 474 F.3d 830, 837 (6th Cir. 2006). Several factors must be analyzed in determining the onset date, specifically Plaintiff's allegations and work history, as well as any evidence, medical or otherwise, that relates to the severity of her impairments. *See Shrader v. Astrue*, 2012 WL

5383120 at *4 (E.D. Mich., Nov. 1, 2012); Titles II and XVI: Onset of Disability, SSR 83-20, 1983 WL 31249 (S.S.A., Jan. 1, 1983). Of these factors, medical evidence is primary. *See Shrader*, 2012 WL 5383120 at *4. After consideration of these factors, this Court finds that December 7, 2009, is the onset date of Plaintiff's disability.

As the Court has previously detailed, medical evidence illustrates that Plaintiff has experienced a gradual and steady decline in functional capacity due to her various impairments. On January 19, 2004, Plaintiff was diagnosed with Type-I diabetes. (Tr. 163-64). September 16, 2005 treatment notes indicate that Plaintiff was suffering from a severe immune deficiency resulting from a kidney transplant. (Tr. 200). On May 3, 2006, Plaintiff was diagnosed with both Attention Deficit Disorder and mood disorder. (Tr. 269). On December 1, 2009, Plaintiff was diagnosed with post-transplant lymphoproliferative disorder. (Tr. 1171). Plaintiff then tested positive for Epstein-Barr virus on December 7, 2009. (Tr. 1180). In light of this medical evidence, the Court finds that December 7, 2009, is the date on which Plaintiff's various impairments rendered her disabled.

The selection of this date is further supported by Plaintiff's work history. On December 4, 2009, Plaintiff was laid off from her job at a local hotel because she was unable to perform basic job duties. (Tr. 1264). Up until this date, Plaintiff had been able to maintain some type of employment or had been enrolled in college courses. Given the nature of Plaintiff's impairments, and her steady decline in functioning, determining with precision Plaintiff's disability onset date is not an easy task. Nevertheless, in the Court's estimation, December 7, 2009, is the earliest date by which Plaintiff can satisfy her burden regarding this matter.

**II.         July 12, 2013 ALJ Decision**

Concurrent to the present action, Plaintiff filed a separate application for disability benefits. On July 12, 2013, an ALJ issued a decision denying benefits, which Plaintiff appealed to the Appeals Council. This appeal is yet to be resolved. Plaintiff seeks an order from this Court setting aside the ALJ's July 12, 2013 decision. The Court does not have jurisdiction over this decision as Plaintiff has not yet exhausted her administrative remedies. The Court can only review final decisions by the Social Security Administration. 42 U.S.C.A, § 405 (g). At this time, the July 12, 2013 decision is not a "final decision," thus precluding review by this Court.

**III.        Attorney's Fees**

Plaintiff's counsel requests an award of attorney's fees. The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). While Plaintiff was a prevailing party in this matter, counsel's fees cannot yet be calculated. For these fees to be calculated, the Social Security Administration must first determine the amount of past-due benefits, if any, to which Plaintiff is entitled. Only after Plaintiff's past due benefits are determined can attorney's fees be calculated.

**CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**. Specifically, the undersigned recommends that (1) Plaintiff's disability onset date is December 7, 2009; (2) Plaintiff's motion to set aside the July 12, 2013 ALJ decision be denied; and (3) Plaintiff's motion for attorney's fees be denied without prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Respectfully submitted,


Date: July 28, 2015                                 /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge